UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ROBERT DAN JULIAN III, | Case No. 2:25-cv-01780-GMN-NJK |
|---|---|
| Petitioner, | **ORDER TO PROPERLY COMMENCE ACTION AND SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |
| v. | |
| DAN CHO, et al., | |
| Respondents. | |

Petitioner Robert Dan Julian III commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) Julian has not properly commenced this action by either paying the standard $5.00 filing fee or filing an Application for Leave to Proceed *In Forma Pauperis* ("IFP") with supporting documentation. *See* 28 U.S.C. § 1914(a), 28 U.S.C. § 1915(a), LSR 1-1, LSR 1-2. Further, following an initial review of the Petition under the Rules Governing Section 2254 Cases, this Court directs Julian to show cause why the Petition should not be dismissed without prejudice as wholly unexhausted.

**I.  BACKGROUND**[1]

Julian challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). *State of Nevada v. Robert Julian*, C-25-392239-1. On September 10, 2025, following a guilty plea, the State Court entered a Judgment of Conviction, adjudging Julian guilty of Burglary of a Business. Julian was sentenced to 12 to 30 months. Julian has not filed a direct appeal and has not filed a state habeas petition.

---

[1] This Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

## II. DISCUSSION

Habeas Rule 4 requires this Court to examine the Petition and order a response unless it "plainly appears" that the Petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows Courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). It appears that Julian's Petition is wholly unexhausted.

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

In his Petition, Julian states that he did not file a direct appeal and has yet to file a state habeas petition. (*See* ECF No. 1-1 at 1.) Accordingly, Julian must show cause why his Petition, which appears to be wholly unexhausted, should not be dismissed *without* prejudice, allowing Julian the ability to refile his Petition in a new case before this Court after (1) he files a direct

2

appeal with the Nevada appellate courts,[2] (2) if he is denied relief by the Nevada appellate courts on direct appeal, he files a state habeas petition in the Eighth Judicial District Court,[3] (3) the state court issues a decision on Julian's state habeas petition, and (4) if his state habeas petition is denied by the state court, the Nevada appellate courts issue a decision on appeal.[4]

Alternatively, this Court notes that it is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his or her right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005) (explaining that a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court). Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he or she may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he or she exhausts his or her state remedies. *Id.* at 278. By filing a protective petition, a petitioner seeks to avoid a determination

---

[2] The Court notes that "the notice of appeal by a defendant or petitioner in a criminal case shall be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed." Nev. R. App. Pro. 4(b)(1)(A).

[3] The Court notes that "a petition that challenges the validity of a judgment of conviction or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction . . . issues its remittitur." Nev. Rev. Stat. § 34.726(1).

[4] Julian remains responsible for calculating the running of the federal limitation period and timely presenting claims. The Court notes that the Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final. The federal limitations period is tolled while a properly filed state habeas petition (or other collateral review with respect to the pertinent judgment) is pending, but no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a state habeas petition.

that a federal habeas petition is time-barred after months or years of litigating in state court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* If Julian meant to file his Petition as a protective petition, he may file a motion for a stay in accordance with *Rhines*.

### III. CONCLUSION

It is therefore Ordered that on or before October 24, 2025, unless more time is requested, Julian must pay the $5 filing fee ***or*** file an IFP Application on the approved form with the following documentation: (a) a financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by an authorized prison official, and (c) a copy of his account statement for the six-month period prior to filing.

It is further Ordered that Julian show cause on or before October 24, 2025, unless more time is requested, why his Petition should not be dismissed without prejudice as wholly unexhausted.

It is further Ordered that if Julian does not timely (1) pay his filing fee or file a completed IFP application ***and*** (2) respond to this Order, the Petition will be dismissed without prejudice without further advance notice.

It is further kindly Ordered that the Clerk of Court send Julian one blank copy of the IFP Application form for inmates along with instructions.

Dated: September 25, 2025

_____
Gloria M. Navarro, Judge
United States District Court

4