# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DAN JULIAN III, | Case No. 2:25-cv-01780-GMN-NJK |
| Petitioner, | **DISMISSAL ORDER** |
| v. | |
| DAN CHO, et al., | |
| Respondents. | |

Petitioner Robert Dan Julian III commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").)  On September 25, 2025, this Court found that Julian had not properly commenced this action, so it ordered him to either pay the filing fee or file an Application for Leave to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3.)  This Court also directed Julian to show cause why his Petition should not be dismissed without prejudice as wholly unexhausted. (*Id*.)  On October 9, 2025, Julian filed an IFP Application and responded to the Order to Show Cause. (ECF No. 4.)  The Court finds that good cause exists to grant Julian's IFP Application; however, for the reasons discussed below, the Court finds that Julian fails to show cause why his Petition should not be dismissed without prejudice as wholly unexhausted.

**I.   DISCUSSION**

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity;

in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

On September 10, 2025,[1] following a guilty plea, the State Court entered a Judgment of Conviction, convicting Julian of Burglary of a Business. *State of Nevada v. Robert Julian*, C-25-392239-1. Julian did not file a direct appeal and has not yet filed a state habeas petition. In response to the Court's Order to Show Cause, Julian argues that (1) his state public defender was ineffective regarding his fugitive hold in California, (2) his arrest warrant was erroneous, and (3) his credit for time served was calculated incorrectly. (ECF No. 4.) While these may be valid grounds to raise in a federal habeas petition, these concerns do not touch upon the Petition's lack of exhaustion, making Julian's response to the Order to Show Cause nonresponsive. Accordingly, because (1) Julian did not file a direct appeal, has yet to file a state postconviction petition, and has not had the opportunity to present his postconviction claims to the Nevada appellate courts, and (2) Julian's response to the Order to Show Cause is fruitless, the Court dismisses the Petition without prejudice.

---

[1] Julian explains that his Judgment of Conviction was entered on September 8, 2025. (*See* ECF No. 4 at 4.) However, according to the online docket records of the Eighth Judicial District Court, accessible at https://www.clarkcountycourts.us/portal, Julian's Judgment of Conviction was entered on September 10, 2025.

### III.  CONCLUSION

It is therefore Ordered that the IFP Application (ECF No. 4) is granted.

It is further Ordered that the Petition (ECF No. 1-1) is dismissed without prejudice.[2] A Certificate of Appealability is denied as reasonable jurists would not find the dismissal of the Petition to be debatable or wrong for the reasons discussed herein.

It is further kindly Ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[3] (3) provide the Nevada Attorney General with copies of the Petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (4) enter judgment, and (5) close this case.

Dated:  October 15, 2025

_____
Gloria M. Navarro, Judge
United States District Court

---

[2] Julian may file a new petition *in a new action* following exhaustion of his state-court remedies.

[3] No response is required from Respondents other than to respond to any Orders of a reviewing Court.